

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Board of Pardons & Paroles
State of Texas
Austin, Texas

Gentlemen:                          Attention Mr. T. C. Andrews

Opinion No. O-2413
Re: Power of the Governor to
revoke a remission of the
balance of jail sentences.

This will acknowledge receipt of your letter of
May 25, 1940. It appears that on May 13, 1940, by proclama-
tion No. 1450, the Governor of the State of Texas granted a
remission of the balance of the jail sentences of Walter
Hansen and H. W. Baere, convicted in Guadalupe County of
aggravated assault and each assessed the punishment of one
year in jail and a $100.00 fine and costs, using the follow-
ing language:

"......Now, therefore, I, W. Lee O'Daniel,
Governor of the State of Texas, by virtue of
the authority vested in me under the Consti-
tution and laws of this State, upon the recom-
mendations hereinabove cited and for the reasons
herein set out and now on file in the office of
the Secretary of State, do hereby grant unto the
said Walter Hansen and H. W. Baere, a remission
of the balance of their jail sentences, provided
that they have satisfied the court costs...."

It appears that at the time the Board of Pardons &
Paroles recommended that the Governor remit the balance of the
jail sentences assessed, no objection to such action had been
made; but that since such time, two persons have urged that the
Governor revoke the remission of the balance of the jail sen-
tences.

Upon this state of facts, you ask two questions:

1. Does the Governor have the right to revoke said

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

remission?

     2. If so, is it necessary that the Board recommend that it be revoked?

     A pardon is in effect a deed, to the validity of which delivery is essential, and delivery is not complete without acceptance. Hunnicutt vs. State, 18 Cr. App. 498, 51 Am. Rep. 330.

     Upon acceptance, an unconditional pardon may not be revoked except for fraud. Ex parte Rice, 72 Crim. Rep. 587, 162 S. W. 891. Upon the delivery and acceptance of a pardon to which is attached conditions subsequent, the pardon may be revoked only upon a breach of such conditions subsequent. Ex parte Rice, supra.

     Where a pardon, however, is issued in terms providing that it shall be effective only upon the performance of a condition precedent, the performance of the condition precedent constitutes the acceptance of the pardon, and the pardon does not become effective until such time as the condition precedent has been performed. As we construe the Governor's proclamation, in this instance, the remission of the jail sentences is not effective until such time as the prisoners have satisfied the court costs. The satisfaction of such court costs is, therefore, a condition precedent to the validity of the remission of the jail sentences. It is this payment of the court costs which constitutes the acceptance on the part of the prisoners of the remission of the jail sentences.

     That this remission is predicated upon the performance of the condition precedent, that the court costs shall be satisfied by the prisoners, is apparent when we transpose the language used in the following manner:

     "....Now, therefore, I, W. Lee O'Daniel, Governor of the State of Texas, by virtue of the authority vested in me under the constitution and laws of this State, upon the recommendations hereinabove cited and for the reasons herein set out and now on file in the office of the Secretary of State, do hereby grant unto the said Walter Hansen and H. W. Baere, provided that they have satisfied the court costs, a remission of the balance of their jail sentences ...."

Honorable Board of Pardons & Paroles, Page 3

We understand that the proclamation has been delivered to the prisoners. We are not advised, however, whether they have paid the court costs. If they have paid the court costs, the Governor may not at this time revoke the remission of their jail sentences. On the other hand, if the court costs have not been paid by the prisoners, the remission has not been accepted, and may be revoked at any time before said court costs are paid.

In reply to your second question, you are advised that the authority of the Governor to revoke a pardon is not dependent upon the recommendations of the Board.

Article 4, Section 11, of the Constitution specifically provides that:

"The Governor shall have the power to grant one reprieve in any capital case for a period not to exceed thirty days; and he shall have the power to revoke paroles and conditional pardons."

The Constitution does not make the authority of the Governor to revoke paroles and conditional pardons dependent upon the recommendation of the Board of Pardons and Paroles.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Richard W. Fairchild

Richard W. Fairchild
Assistant

RWF/oe

APPROVED JUN 1, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE